Libin HE, Petitioner,

v.

Loretta E. LYNCH, Attorney General, Respondent.

No. 14-70954

United States Court of Appeals, Ninth Circuit.

Submitted September 13, 2016 *

Filed September 19, 2016

Libin He, Pro Se

Andrew B. Insenga, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

MEMORANDUM **

Libin He, a native and citizen of China, petitions pro se for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, Shrestha v. Holder, 590 F.3d 1034, 1039–40 (9th Cir. 2010), and we deny the petition for review.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies as to a beating by police and He's employment in China. See id. at 1048 (adverse credibility determination supported under the totality of circumstances). He's explanations do not compel a contrary result. See Lata v. INS, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, in this case, He's asylum and withholding of removal claims fail. See Farah v. Ashcroft, 348 F.3d 1153, 1156 (9th Cir. 2003).

He's CAT claim also fails because it is based on the same testimony the agency found not credible, and the record does not otherwise compel the conclusion that it is more likely than not He would be tortured if returned to China. See Shrestha, 590 F.3d at 1048–49.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.